# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN JOHNSON, | ) | CASE NO. 4:18-cv-1062 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| WARDEN STEVEN MERLAK | ) | |
| DEFEDANT. | ) | |

This matter is before the Court on the complaint of plaintiff John Johnson ("Johnson") pursuant to 42 U.S.C. § 1983 against Warden Steven Merlak ("Merlak"). (Doc. No. 1 ["Compl."]). Johnson claims that Merlak has violated his constitutional right to equal protection based upon Johnson's status as a convicted sex offender. For the reasons that follow, this case is dismissed.

**A. Background**

Johnson is a prisoner at the Elkton Federal Correctional Institution ("FCI Elkton") in Lisbon, Ohio. (Compl. at 1,[1] ¶ 3.) Merlak is the Warden at FCI Elkton and, according to the complaint, is acting under color of federal law and Federal Bureau of Prisons ("BOP") program statements and policies. (*Id*. ¶¶ 4–5.) Johnson is a convicted sex offender and, because he used computers in the commission of his crimes, is prohibited by BOP program statements and

---

[1] All page number references are to the page identification numbers generated by the Court's electronic filing system.

policies from work assignments involving computers. As a consequence, Johnson claims that he cannot be assigned to prison work that would provide better pay and job training for a career in data entry. (*Id*. at 4–5, ¶¶ 15–19.) Johnson alleges that by prohibiting him from computer work assignments at UNICOR,[2] Merlak is violating his right to equal protection under the Fourteenth Amendment because inmates convicted of drug offenses are not prohibited from prison computer work even though those inmates used their cell phones to facilitate drug deals and cell phones are classified as computers under federal law. (*Id*. at 5–6, ¶¶ 21, 25.) Johnson asks this Court to declare BOP policies prohibiting sex offenders from prison work involving computers unconstitutional, and order Merlak to allow him the same opportunity to work as a computer data entry processor as other inmates at FCI Elkton. (*Id*. at 8, ¶¶ 34–36.) Johnson states that he has grieved this issue through prison's grievance procedure. (*Id*. at 6, ¶ 23.)

**B. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[2] UNICOR is a "trade name" used for Federal Prison Industries, whose mission is to provide work programs and

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564.

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677–78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197).

C. Analysis

1. **Johnson fails to state a § 1983 claim upon which relief can be granted**

In order to state a claim for relief upon which relief can be granted under 42 U.S.C. § 1983, Johnson must allege that a person acting under color of state law deprived him of his rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S.

---

training opportunities for inmates confined in Federal Correctional facilities. 28 C.F.R. § 345.11(a).

Ct. 2250, 101 L. Ed. 2d 40 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941)).

Here, Johnson is a federal prisoner and Merlak is the warden at a federal prison. Johnson claims that the alleged violation of his constitutional rights is the result of Merlak's application of the Federal Bureau of Prison's policies and program statements. (*See* Compl. at 3–7, ¶¶ 10–31.) Plaintiff cannot bring a § 1983 claim against a federal employee acting under color of federal law rather than state law. *See District of Columbia v. Carter*, 409 U.S. 418, 424–25, 93 S. Ct. 602, 34 L. Ed. 2d 613 (1973) (stating actions of the federal government and its officers and employees are exempt from the proscriptions of § 1983); *see also Ana Leon T. v. Fed. Reserve Bank of Chi.*, 823 F.2d 928, 931 (6th Cir. 1987) (citing *Broadway v. Block,* 694 F.2d 979, 981 (5th Cir. 1982) (stating actions of federal officials taken under color of federal law cannot form the basis of an action under § 1983)). Accordingly, Johnson fails to state a § 1983 claim against Merlak upon which relief can be granted.

### 2. Johnson fails to state a *Bivens* claim upon which relief can be granted

In light of Johnson's *pro se* status, the Court will construe Johnson's § 1983 claim as a claim under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). In *Bivens,* the Supreme Court held that federal officials may be sued for violating a plaintiff's constitutional rights. But even construing Johnson's allegations against Merlak as a *Bivens* claim, the complaint fails to state a claim upon

4

which relief can be granted.

While the Supreme Court in *Bivens* created a limited private right of action for damages against federal government officials who allegedly violate a person's constitutional rights, there is no implied damages remedy under the Constitution itself and such implied causes of action are disfavored. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56, 198 L. Ed. 2d 290 (2017); *Iqbal*, 556 U.S. at 675. There are only three contexts in which the Supreme Court has permitted an implied damages remedy for a constitutional violation against federal officials: (1) Fourth Amendment deprivation claim in *Bivens*; (2) Fifth Amendment gender discrimination claim in *Davis v. Passman*, 442 U.S. 228, 248–49, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); and (3) Eighth Amendment cruel and unusual punishment claim in *Carlson v. Green*, 446 U.S. 14, 16–17, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980). Johnson's claim that Merlak is violating his right to equal protection as a sex offender does not fall within the existing contexts for which the Supreme Court has extended a *Bivens* remedy. Moreover, the Supreme Court reemphasized in *Ziglar* that federal courts should refrain from extending *Bivens* actions beyond the three existing contexts absent certain factors. *Ziglar*, 137 S. Ct. at 1857 (expressing the *Bivens* remedy as a "disfavored activity"). Given the Supreme Court's decision in *Ziglar*, the Court declines to extend a *Bivens* remedy to the context of this case.

**3.     Johnson fails to state an equal protection claim upon which relief can be granted**

Even if a *Bivens* remedy were extended to this context, Johnson's complaint fails to state a claim upon which relief can be granted. In order to state an equal protection claim, Johnson must show that by denying him computer work assignments, Merlak: (1) burdened a fundamental right, (2) targeted a suspect class, or (3) intentionally treated him differently from

similarly situated individuals without any rational basis. *See Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). Johnson fails to establish any of these factors.

First, Johnson has failed to assert the existence of a constitutionally protected property or liberty interest. *Martin v. O'Brien*, 207 F. App'x 587, 589 (6th Cir. 2006) (citing among authority *Silver v. Franklin Twp. Bd. of Zoning Appeals,* 966 F.2d 1031, 1036 (6th Cir. 1992)). Johnson claims that his right to equal protection under the Constitution has been violated because he is not permitted to work in a prison job involving computers due to his sex offender status. But Johnson has no fundamental right to a computer job at UNICOR. "Prisoners have no constitutional right to rehabilitation, education, or jobs." *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (citing among authority *Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)); *Martin,* 207 F. App'x at 590 ("[A] prisoner does not have a constitutional right to prison employment or a particular prison job." (citing *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir. 1989))).

Second, "[c]onvicted sex offenders are not a suspect class." *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999); *see also Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014) ("'A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class.'" (quoting *Wottlin v. Fleming,* 136 F.3d 1032, 1036 (5th Cir. 1998)).

Nor do the allegations in Johnson's complaint show that he was treated differently from similarly situated individuals without any rational basis with respect to Merlak's application of BOP policies concerning sex offender status and computer jobs at UNICOR. Plaintiff claims that prisoners convicted of drug offenses are permitted to work involving computers at UNICOR

6

even though "many of these inmates use cell phones to facilitate their drug deals which are classified as computers [under] 18 USC 1030(e)(1)," but BOP policies prohibit him from that work because he is a sex offender who used computers to commit his crimes. (Compl. at 5, ¶¶ 21–22.) These allegations fail to allege, nor can the Court infer, that inmates convicted of drug offenses are similarly situated to Johnson in all relevant circumstances for purposes of an equal protection analysis. *See Edington v. Warden of FCI Elkton*, No. 4:14CV2397, 2015 WL 1843240, at *4 (N.D. Ohio Apr. 22, 2015) ("While Plaintiff [(a convicted sex offender who used electronic messaging to solicit sex from a minor and is denied access to the prison's email system)] attempts to equate inmates convicted of other sex offenses and those convicted of using the mail system to commit crimes with his situation, he has not alleged any facts to suggest that all of their relevant circumstances are the same.").

Even if inmates convicted of drug offenses who used cell phones to commit their crimes were similarly situated to Johnson, the BOP's policy prohibiting sex offenders who used computers in the commission of their crimes from computer related work assignments "need only be rationally related to a legitimated government goal to survive a constitutional challenge." *Cutshall*, 193 F.3d at 482 (citing *Chapman v. United States*, 500 U.S. 453, 465, 111 S. Ct. 1919, 114 L. Ed. 2d 524 (1991)). A rational basis review "'is not a license for courts to judge the wisdom, fairness, or logic'" of the BOP's policies. *See Heller v. Doe by Doe*, 509 U.S. 312, 319, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993) (quoting *FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307, 313, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993)). "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity[,]" and will be "'upheld against an equal protection challenge if there is any reasonably

conceivable state of facts that could provide a rational basis for the classification.'" *See id*. at 319–20; *Edington*, 2015 WL 1843240, at *3 (finding the prisoner bears the burden of overcoming the presumption that prison officials acted within their discretion in implementing prison regulations); *see also Thornburgh v. Abbott,* 490 U.S. 401, 404, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989) (holding that the exigencies of prison administration require only that a subject regulation be reasonably related to a legitimate penological interest); *Stauffer,* 741 F.3d at 587 ("[A]ny classification of convicted sex-offenders is only subject to a rational basis review.").

Courts considering the issue of computer-related restrictions for sex offenders have found that there is a rational penological basis for such classifications and, therefore, no equal protection violation. *See Bell v. Woods*, 382 F. App'x 391, 393 (5th Cir. 2010) ("Such a restriction prevents sexual offenders from attempting to obtain and distribute sexually-explicit material over the Internet and contact potential victims over the internet. Because the restriction is rationally related to a legitimate penological interest, the district court did not err in dismissing [plaintiff's equal protection] claim."); *Isbell v. Merlak*, No. 4:17-CV-00076, 2018 WL 4055612, at *1 (N.D. Ohio June 25, 2018) (finding prisoner's constitutional rights were not violated where he was denied a job at UNICOR because he had been convicted of receiving child pornography on a computer), *report and recommendation adopted,* No. 4:17CV0076, 2018 WL 4052164 (N.D. Ohio Aug. 24, 2018); *Edington*, 2015 WL 1843240, at *4 (finding the restrictions on prisoner's access to email is reasonably related to a legitimate penological objective because he had used a computer and email to further his criminal activity of soliciting sex from a minor and prisoner fails to state an equal protection claim); *Deem v. Johnson*, No. 17-CV-1190, 2017 WL

9535208, at *3 (W.D. La. Dec. 29, 2017) (stating convicted sex offender failed to state a claim for equal protection violation because "it is easy to discern a legitimate penological interest/government objective in restricting email access for potentially predatory offenders"), *report and recommendation adopted,* No. 17-CV-1190, 2018 WL 2990053 (W.D. La. June 14, 2018).

This Court reaches the same conclusion. The allegations in the complaint do not negate "every conceivable basis" which might support the sex offender classification nor show that Johnson's sex offender (no computer) classification is "motivated by animus or ill-will." *See Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 261 (6th Cir. 2006) (quoting *Warren v. City of Athens*, 411 F.3d 697, 711 (6th Cir. 2005)). Given the nature of Johnson's criminal conviction, the Court finds that the BOP policy prohibiting Johnson from prison work using computers has a legitimate penological interest and rational basis for barring Johnson (but not convicted drug dealers who used cell phones to commit their crimes) from computer related prison work.

Accordingly, Johnson fails to state a claim for a violation of his equal protection rights upon which relief can be granted.

### D. Conclusion

For all of the foregoing reasons, Johnson fails to state a claim upon which relief can be granted, and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 25, 2018

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**