**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN JOHNSON, | ) | CASE NO. 4:18-CV-1062 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STEVEN MERLAK, Warden, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on motion by pro se plaintiff John Johnson seeking relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 6 ["Mot."].) In his motion, plaintiff also asks this Court for leave to amend his complaint. For the reasons set forth herein, plaintiff's motion for relief from a final judgment is DENIED, and plaintiff's motion for leave to amend is DENIED.

**I.      BACKGROUND**

On May 8, 2018, pro se plaintiff John Johnson ("Johnson"), a federal inmate at the Elkton Federal Correctional Institution ("FCI Elkton") in Lisbon, Ohio, filed the present action against defendant FCI Elkton Warden Steven Merlak ("Merlak"). (Doc. No. 1. (Complaint ["Compl."]) at 1,[1] ¶ 3.) Johnson is a convicted sex offender and, because he used computers in the commission of his crimes, is prohibited by Federal Bureau of Prisons ("BOP") policies from work assignments involving computers. (*Id.* at 4, ¶¶ 15–17.) Consequently, Johnson claims he cannot be assigned to prison work that would provide better pay and job training for a career in data entry. (*Id.* at 4–5,

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

¶¶ 15–19.) Johnson alleges that by prohibiting him from computer work assignments, Merlak is violating Johnson's right to equal protection under the Fourteenth Amendment because inmates convicted of drug offenses are not prohibited from prison computer work even though those inmates used their cell phones to facilitate drug crimes and cell phones are classified as computers under federal law. (*Id.* at 5–6, ¶¶ 21, 25.) Further, Johnson contends that sex offenders are a suspect class for purposes of equal protection jurisprudence. (*Id.* at 5, ¶ 22.)

In analyzing Johnson's complaint, this Court addressed Johnson's § 1983, and equal protection claims, and, notably—in liberally construing Johnson's complaint—this Court also addressed whether Johnson's allegations supported a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (*See* Doc. No. 4.) Ultimately, on October 25, 2018, this Court dismissed Johnson's complaint in its entirety for failure to state a claim. (*Id.*) Johnson filed the present motion for relief from the Court's judgment pursuant to Fed. R. Civ. P. 60(b). As the Court does not require a response from Merlak, the matter is ripe for the Court's review.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 60(b) allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances. Rule 60(b) describes the circumstances under which a party may obtain relief from a judgment or order of a federal court and provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative
>
> from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied . . . or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The rule does not grant a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Rule 60(b) motions are addressed at the district court's discretion. *See Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). The movant bears the burden of establishing the basis for relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## III. DISCUSSION

In his motion, Johnson claims that the Court should relieve him from the Court's October 25, 2018 judgment because this Court applied incorrect law in dismissing Johnson's complaint. (Mot. at 37–39.) In addition, Johnson asks this Court for leave to amend his original motion to include a *Bivens* claim and to include a claim for jurisdiction under the Administrative Procedure Act ["APA"]. (*Id.* at 41, 43.)

## A. Relief from Judgment

Johnson does not argue there is new evidence, there was any fraud or neglect, or any other reason why this Court should relieve him from the Court's final judgment, except that Johnson disagrees with the Court's proper analysis of the law. Mere disagreement with the Court's legal analysis is not a proper vehicle for relief from judgment under Rule 60(b). *See Jinks*, 250 F.3d at 385. Rule 60(b) motions are not avenues for plaintiffs to reargue their failed motions by presenting new legal theories or explanations—and rearguing his case is all that Johnson attempts in his Rule 60(b) motion. Johnson has failed to allege any valid reason that warrants relief from judgment under Rule 60(b)(6). As such, Johnson's claim for relief under Rule 60(b)(6) is DENIED.

## B. Leave to Amend: *Bivens* Claim

Johnson asks this Court for leave to amend his complaint to add a claim under *Bivens*. Johnson does not contend there are any new facts to support a *Bivens* claim. Rather, Johnson asks for leave to add *Bivens* case law to his complaint. (Mot. at 41.) However, this Court already considered whether Johnson's claims encompassed a *Bivens* claim, and this Court found Johnson's complaint did not allege a claim under *Bivens*. Therefore, without new facts, Johnson's request that this Court grant him leave to amend his complaint to include *Bivens* case law is frivolous and unwarranted. Further, Johnson cannot rely on this Court's opinion to identify deficiencies in his complaint and then seek leave to amend to address those deficiencies. *Pond v. Haas*, 674 F. App'x 466, 474 (6th Cir. 2016). For these reasons, Johnson's motion for leave to amend his complaint to add a *Bivens* discussion is DENIED.

## C. Leave to Amend: Jurisdiction under the APA

In a single paragraph at the end of Johnson's motion, Johnson also asks this Court, "for Leave of the Court to Amend by adding [t]he Administrative Procedure Act 5 USC [sic] [§§] 551–

559 to the Jurisdiction Section of this civil action." (Mot. at 43.) Johnson contends that, "[t]his would allow Johnson to challenge the [BOP's inmate work regulation] and its unconstitutionality if this [C]ourt still believes that 42 USC [sic] § 1983 and *Bivens* does not apply jurisdiction." (*Id.*)

Johnson has failed to state any reason why this Court should grant him post-judgment leave to amend his complaint to include the APA as a jurisdictional basis. "Rule 15's permissive amendment policy should not permit plaintiffs to 'use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision.'" *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 445 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). And, as stated, Johnson cannot rely on this Court's opinion to identify deficiencies in his complaint and then seek leave to amend those deficiencies. *Pond*, 674 F. App'x at 474. For these reasons, Johnson's motion for post-judgment leave to amend his complaint to add the APA as a jurisdictional basis is DENIED.

## IV.  CONCLUSION

For the reasons set forth herein, plaintiff's motion for relief from the October 25, 2018 judgement pursuant to Fed. R. Civ. P. 60(b) is DENIED, and Johnson's motion for leave to amend his complaint is DENIED. Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: March 21, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**